IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MIRZA HYDER ALI, AND ) <br> ALL OTHERS SIMILARLY SITUATED ) <br>     PLAINTIFFS, ) <br> ) <br> v. ) <br> ) <br> AANT INVESTMENTS, INC.; JAFAR ALI SHAH; ) <br> ZAHIR ZIA; AND, DHEERAJ RAHEJA ) <br>     DEFENDANTS. ) <br> ) | Civil Action <br> File No. <br><br><br><br> Jury Demanded |

## PLAINTIFFS' ORIGINAL COMPLAINT

NOW COME PLAINTIFFS, MIRZA HYDER ALI, and all others similarly situated, and complain of Defendants AANT Investments, Inc.; Jafar Ali Shah; Zahir Zia; and Dheeraj Raheja ("Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

### I.
### INTRODUCTION

1. This is a collective action suit to recover unpaid overtime wages brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); as such, the action is authorized and instituted pursuant to a federal statute.

2. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages to Mirza Hyder Ali ("Mr. Ali" or "Plaintiff"), and to all others similarly situated, in the course of their employment with the Defendants.

### II.
### JURISDICTION AND VENUE

3. Plaintiff, on behalf of himself and the Plaintiff class, brings this action to recover unpaid overtime compensation from Defendants pursuant to the FLSA.

1

4. The Court has jurisdiction of the claims asserted herein pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

5. The Court has personal jurisdiction over the Defendants because Defendants routinely conduct business in Texas, and in particular, in the Southern District of Texas, sufficient to constitute minimum contacts with the state and this district.

6. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

### III.
### PARTIES

7. **Mirza Hyder Ali**, Plaintiff, is a resident of Harris County, Texas.

8. **Members of the "Plaintiff Class"** are current and former hourly and non-exempt salaried employees of Defendants who work, or have worked, at one or more of Defendants' establishments that collectively comprise an enterprise under the FLSA.

9. Defendant, **AANT Investments, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Zahir Zia, at his residence located at 6638 Autumn Sunset Lane, Spring, Texas 77379, or at any other address where he may be found. This Defendant is part of an "enterprise" that owns one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including the business establishment known as, and doing business as, "1960 Corner Food Store".

10. Defendant, **Jafar Ali Shah,** is an individual who may be served with summons and complaint at his residence located at 14111 Sableridge Drive, Houston, Texas 77014, or at any other address where he may be found. This Defendant is part of an "enterprise" that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including the business establishment known as, and

doing business as, "1960 Corner Food Store".

11.     Defendant, **Zahir Zia,** is an individual who may be served with summons and complaint at his residence located at 6638 Autumn Sunset Lane, Spring, Texas 77379, or at any other address where he may be found. This Defendant is part of an "enterprise" that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including the business establishment known as, and doing business as, "1960 Corner Food Store".

12.     Defendant, **Dheeraj Raheja,** is an individual who may be served with summons and complaint at his residence located at 1031 Hundred Bridge Lane, Sugarland, Texas 77498, or at any other address where he may be found. This Defendant is part of an "enterprise" that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including the business establishment known as, and doing business as, "1960 Corner Food Store".

13.     Whenever in this complaint it is alleged that the above named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

14.     At all material times, Defendants have been an "employer" within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

15.     At all material times, Plaintiffs and all members of the Plaintiff Class have been "employees" within the meaning of 29 U.S.C. § 203(e).

16. At all material times, Defendants have been an "enterprise" within the meaning of 29 U.S.C. § 203(r).

17. At all material times, Plaintiff was an employee engaged in interstate commerce or in the production of goods for interstate commerce pursuant to 29 U.S.C. §§ 206-207.

18. At all material times, Defendants have been an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of 3(s)(1) of the FLSA because each Defendant had employees who were engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

## IV.
## COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff files this case as an "opt-in" collective action, as is specifically allowed by 29 U.S.C. § 216(b).

20. Other employees have been victimized by Defendants' ill-conceived patterns, practices, and policies that violate the FLSA. As such, other similarly situated employees are being denied their lawful wages, and Plaintiff's experience is typical of the experience of members of the Plaintiff Class as it pertains to unpaid wages.

21. The specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment.

22. Each non-exempt employee, regardless of job title, job requirements, or rate of pay, who is denied overtime compensation for hours worked in excess of 40 in one or more workweek, is similarly situated to Plaintiff.

23. Furthermore, although the amount of damages may vary among individual employees, there is no detraction from the common nucleus of liability facts.

24. All current and former non-exempt employees employed by Defendants' business

establishments, who at any time during the three years prior to the date of filing of this action to the date of judgment were denied overtime pay for hours worked in excess of forty (40) in any given workweek may properly be included as members of the Plaintiff Class.

25. Thus, the class Plaintiff seeks to represent is comprised of <u>all current and former employees the Defendants' "enterprise" employed as hourly or non-exempt salaried workers who 1) worked at any business establishment of Defendants' "enterprise" located in Texas that was owned, operated and / or acquired by Defendants' "enterprise" during the class period, and 2) claim that Defendants' "enterprise" either (a) misclassified the employee as exempt from overtime wages, or (b) did not misclassify the employee, but instead failed to properly and fully compensate the employee's overtime wages due</u>.

26. Individuals who opt in to the collective action will be added to the litigation, and copies of their written consents to join a collective action will be filed with the Honorable Court.

## V.
## FACTS

27. At all times relevant to this action, Defendants' "enterprise" has been subject to the requirements of the FLSA.

28. For purposes of this action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial.

29. Defendants' "enterprise" employed Mr. Ali as a store clerk at their business establishment doing business as "1960 Corner Food Store", located at 17013 Nanes Drive, Houston, Texas 77090.

30. Defendants' "enterprise" employed Mr. Ali from June 5, 2015, until September 4, 2015.

31. During his employment with the Defendants, Mr. Ali's was promised a fixed wage of $4,000.00 per month.

32. Mr. Ali did not receive any overtime wages in addition to his fixed monthly wage of $4,000.00.

33. When Mr. Ali complained of his unpaid overtime wages, his employment was terminated in retaliation, and in violation of the FLSA.

34. As Defendants' employee, Mr. Ali was required to perform duties typically performed by "hourly" or non-exempt employees.

35. Further, Plaintiff was required to work overtime hours in excess of 40 hours during each workweek of his employment.

36. Similarly, during at least all or part of the last three years, all non-exempt workers employed by all business establishments owned and/or operated by the Defendants were routinely required to work in excess of 40 hours per week to perform the function of their job which included the performance of duties otherwise typically performed by "hourly" paid non-exempt employees because the job required it and Defendants' management required it.

37. Defendants required Plaintiff and all others similarly situated to perform all necessary work to include the performance of those duties otherwise typically performed by "hourly" employees, which duties routinely required Plaintiff and other similarly situated employees to work "overtime" hours as defined by 29 U.S.C. § 201 *et seq*.

38. Plaintiff and all other similarly situated employees were not paid at the proper premium hourly rates for the overtime hours they worked each week.

39. As such, Plaintiff and all other similarly situated non-exempt employees of the Defendants were together victims of a common policy of the Defendants' "enterprise", which

common policy violated the FLSA.

40. As victims of a common policy that violated the FLSA, Plaintiff and all other similarly situated non-exempt employees of the Defendants may properly be joined as a class under 29 U.S.C. § 216(b).

41. Plaintiff and all other similarly situated employees thus sue the Defendants' "enterprise", as a class, for their unpaid overtime wages owed under the FLSA.

## VI.
## CAUSES OF ACTION

### A.
### First Claim For Relief
(Failure to pay wages in violation of the FLSA)

42. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

43. Plaintiff and all others similarly situated are non-exempt employees – that is, these individuals are entitled to receive overtime wages under the FLSA for all hours they have worked in excess of 40 during each seven-day workweek.

44. During his employment, Mr. Ali routinely worked 40 hours or more per week.

45. Defendants did not pay Plaintiff overtime compensation for the weekly hours he worked in excess of 40.

46. Defendants also failed, and continue to fail, in paying the overtime wages owed to all other similarly situated employees since the beginning of the three-year period preceding the filing of this civil action.

47. As such, Defendants violated 29 U.S.C. § 201, *et seq.*, by failing to pay Plaintiff and all other similarly situated employees' "overtime" wages.

48. Defendants knowingly and willfully carried out their illegal pattern and practice

of not paying their employees' overtime wages, and thereby evaded their legal obligations under 29 U.S.C. § 201, *et seq*.

49. Plaintiff and all others similarly situated seek an amount of back-pay equaling the unpaid overtime wages earned from the date they commenced employment for the Defendants until the date of trial (or their last day of employment, if earlier).

50. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as allowed under 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

51. Defendants do not possess contemporaneous, complete and accurate time records indicating the number of hours worked by Plaintiff and by other similarly situated employees.

52. If Defendants possess such time records, Plaintiff and members of the Plaintiff Class will suffer irreparable harm if Defendants are not enjoined from this moment and during the pendency of this lawsuit from destroying any records that are in any way related to the matters asserted herein, including any correspondence between Defendant, Plaintiff, and / or members of the Plaintiff Class, and any records required to be maintained by the FLSA and the Texas Payday Act.

53. There is substantial likelihood that Plaintiff and members of the Plaintiff Class will prevail at the trial of this matter.

54. The harm that will result is irreparable because Plaintiff and members of the Plaintiff Class will not be able to replicate the destroyed evidence.

55. Plaintiff will not have any adequate remedy at law if Defendants destroy records pertaining to their employment, and thus they seek the Court to place Defendants on notice regarding the spoliation of such evidence.

**B.**
**Second Claim For Relief**
(Retaliation in violation of the FLSA)

56. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

57. Defendants terminated Plaintiff's employment after he engaged in protected activity. After he complained of not receiving overtime wages, Mr. Ali's employment was terminated.

58. As such, Defendants' "enterprise" violated 29 U.S.C. § 215(a)(3), the anti-retaliation provision of the FLSA, under which Plaintiff now sues.

**VII.**
**ATTORNEYS' FEES AND COSTS**

59. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

60. Plaintiff, and all others similarly situated, seek to recover their attorneys' fees and costs for bringing this action pursuant to 29 U.S.C. § 201, *et seq*.

**VIII.**
**JURY DEMAND**

61. Plaintiff, and all others similarly situated, demand a jury trial on all issues that may be tried to a jury.

**IX.**
**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff MIRZA HYDER ALI, and all others similarly situated, respectfully request that upon final hearing, the Court grant Plaintiff, and all others similarly situated, relief against Defendants AANT Investments, Inc., Jafar Ali Shah, Zahir Zia and Dheeraj Raheja, as follows:

a. Authorize the issuance of notice to all of Defendants' enterprise's similarly situated employees who were employed during the three (3) years immediately preceding the filing of this lawsuit, informing them of their right to participate in this lawsuit;

b. Declare that Defendants' enterprise violated 29 U.S.C. § 207, by failing to pay Plaintiff, and all others similarly situated, overtime pay at one and one half times their regular hourly base rate for all hours in excess of 40 worked during each seven-day work period;

c. Enjoin Defendants' enterprise from failing to pay Plaintiff, and all others similarly situated, at one and one half times their regular hourly rates for all hours in excess of 40 worked in each seven-day work period;

d. Declare that Defendants' enterprise's violations of the FLSA are willful;

e. Order Defendants' enterprise to pay liquidated damages to Plaintiff, and to all others similarly situated, in an amount equal to the unpaid overtime wages;

f. Enter an injunction restraining Defendants' enterprise from destroying any payroll or other relevant records;

g. Order Defendants' enterprise to pay Plaintiff and all others similarly situated employees' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

h. Order Defendants' enterprise to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, assessed against Defendants' enterprise; and,

i. Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff, and to all other similarly situated employees of Defendants' enterprise.

                Respectfully submitted,

                **ALI S. AHMED, P.C.**

By:   <u>/s/ Salar Ali Ahmed</u>
       **Salar Ali Ahmed**
       Federal Id. No. 32323
       State Bar No. 24000342
       One Arena Place
       7322 Southwest Frwy., Suite 1920
       Houston, Texas 77074
       Telephone: (713) 223-1300
       Facsimile: (713) 255-0013
       aahmedlaw@gmail.com

       **Attorney for Plaintiff**
       **Mirza Hyder Ali**